UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Carlos JOYA–GUERRERO,
Defendant–Appellant.

No. 05–50610.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Oct. 11, 2006.

Stephen M. Tokarz, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Stephen D. Demik, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WALLACE, O'SCANNLAIN, and WARDLAW, Circuit Judges.

MEMORANDUM *

Joya–Guerrero appeals from his judgment and sentence for violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Joya–Guerrero first argues that he was entitled to an evidentiary hearing on the voluntariness of statements he made to a government agent. We review the district court's denial of an evidentiary hearing on a motion to suppress for an abuse of discretion. *United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000) (motion to suppress confession). "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Id.* Because Joya–Guerrero's declaration in support of the motion raises no contested issues of fact sufficient to require an evidentiary hearing, the district court did not abuse its discretion in refusing to hold the hearing.[1]

Joya–Guerrero also objects to portions of Beers's testimony admitted at trial on the basis that the testimony constituted hearsay. Because the statements were offered to explain why Joya–Guerrero's signature was not on the fingerprint card and not for the truth of the matter asserted, however, there was no hearsay violation.

We review de novo the argument that allowing the fingerprint card and Beers's testimony into evidence violated Joya–Guerrero's rights under the Fifth and Sixth Amendments. *See United States v. Pino-Noriega,* 189 F.3d 1089, 1098 (9th Cir.1999) (Fifth Amendment right to remain silent); *United States v. Danielson,* 325 F.3d 1054, 1066 (9th Cir.2003) (Sixth Amendment right to counsel).

■ The Supreme Court has held that since handwriting exemplars are not "communications," the taking of handwriting exemplars does not implicate a defendant's Fifth Amendment rights. *Gilbert v. California,* 388 U.S. 263, 266–67, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In addition, even assuming that the Fifth Amendment was implicated by the introduction of the fingerprint card, any error was harmless. The fact that the fingerprints belonged to Joya–Guerrero was independently established by the fingerprint expert's testimony.

■ Similarly, the argument that Joya–Guerrero's Sixth Amendment right to counsel was compromised fails as there was no showing that the government interfered with the confidential relationship. Moreover, even assuming that the Sixth

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Our review of the record shows that the prosecutor told the district judge at the suppression hearing that Joya–Guerrero was not handcuffed upon being first encountered. In

fact, he was, as later conceded by the government. It does not change our view on the merits, however, because under clear circuit precedent, handcuffing an alien near the border for safety reasons and then inquiring about alienage does not constitute custodial interrogation. *See United States v. Cervantes-Flores,* 421 F.3d 825, 830 (9th Cir.2005).

Amendment was implicated, there was no showing of prejudice because the fact that the fingerprints belonged to Joya–Guerrero was independently established.

█ Joya–Guerrero argues that the district court clearly erred by denying his request for a downward adjustment of his sentence for acceptance of responsibility. We review for clear error. *United States v. Nielsen,* 371 F.3d 574, 582 (9th Cir. 2004). The record indicates that Joya–Guerrero disputed every element of the crime at trial, declined to make a statement when interviewed for the pre-sentence report, and declined to make a statement to the court at his sentencing hearing. Thus, it cannot be said that it was clear error for the district court to deny the downward adjustment.

Joya–Guerrero next urges us to adopt the dissent in *United States v. Navarro–Vargas,* 408 F.3d 1184 (9th Cir.2005) (en banc), and hold that the grand jury instructions constituted structural error. "[A] three-judge panel may not overrule [the binding precedent of our circuit] absent intervening Supreme Court or en banc authority." *United States v. Rodriguez–Lara,* 421 F.3d 932, 943 (9th Cir. 2005). Thus, we are bound to follow our en banc decision in *Navarro–Vargas,* and affirm the district court's judgment. Similarly, Joya–Guerrero's contention that the indictment must be dismissed because the grand jurors were told that they should not consider penalty information is foreclosed by *United States v. Rivera–Sillas,* 417 F.3d 1014, 1021 (9th Cir.2005).

Finally, Joya–Guerrero unpersuasively argues that 8 U.S.C. § 1326 violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law. This argument is foreclosed by our decision in *United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005).

**AFFIRMED.**